# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____ ) | **Case No:** 1:20-cv-10974 |
| **DMITRIY ZUBOV, Individually** ) | |
| **and on Behalf of All Others** ) | |
| **Similarly Situated** ) | |
| ) | **CLASS ACTION COMPLAINT** |
| Plaintiff, ) | **AND DEMAND FOR JURY** |
| ) | **TRIAL** |
| ) | |
| **v.** ) | |
| ) | |
| **RADIUS GLOBAL SOLUTIONS,** ) | |
| **LLC** ) | |
| ) | |
| Defendant, ) | |
| _____ ) | |

Plaintiff, DMITRIY ZUBOV ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.      Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of RADIUS GLOBAL SOLUTIONS, LLC, ("Defendant" or "RGS"), in negligently, knowingly, and/or willfully communicating or attempting to communicate with Plaintiff and the putative class at such frequency to be in violation of Mass. Gen. Laws Ch. 93A and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION & VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d).

3.      The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the United States District Court for the District of Massachusetts because Defendant does business within the state of Massachusetts and Plaintiff resides within this judicial district.

## PARTIES

5.      Plaintiff, DMITRIY ZUBOV ("Plaintiff"), is a natural person residing in Massachusetts and is a "consumer" as defined by the FDCPA, *15 U.S.C. §1692a(3)* and is a "person" as defined by Mass. Gen. Laws Ch. 93A § 1(a).

6.      At all relevant times herein, Defendant, RADIUS GLOBAL SOLUTIONS, LLC ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by *15 U.S.C. §1692a(5)*.   Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, *15 U.S.C. §1692a(6)* and is a "person" as defined by Mass. Gen. Laws Ch. 93A § 1(a).

## FACTUAL ALLEGATIONS

7.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

8.      Defendant, in its attempt to collect the alleged debt owed by Plaintiff, placed telephone calls to Plaintiff's telephone number ending in 5582.  Defendant placed calls from various telephone numbers, including but not limited to:  (786) 551-15956, (786) 765-2932, (786) 765-5850, and (786) 765-5900.

9.      The alleged debt is a "debt" as defined by the FDCPA as it stems from an alleged personal credit card account incurred for personal, family and/or household use/purposes.

10.     Throughout March of 2020, Defendant called Plaintiff's telephone number in an attempt to collect the alleged debt.  Defendant often placed anywhere from one (1) to three (3) calls in a single day to Plaintiff seeking to collect the debt. Defendant would often place this frequency of collection calls to Plaintiff on a daily, or near daily basis.

11.     As such, Defendant would often place anywhere from five (5) to ten (10) collection calls to Plaintiff in a seven (7) day period, seeking to collect the alleged debt owed.

12.     As an illustrative example, and not one of limitation, during the week of March 1, 2020 through March 7, 2020, Defendant called Plaintiff at least six (6) times seeking to collect the alleged debt.

13.     The aforementioned six (6) calls were placed on the following dates: March 3, 2020; March 4, 2020; March 5, 2020 (twice); and March 6, 2020 (twice).

14.     In 2012, the Attorney General amended the regulation, 940 Code Mass. Regs. 7.04(1)(f), to provide that it is unfair and deceptive for a debt collector to call a debtor more than twice per week, per debt, unless the communication is in response to the debtor's request for the call. *See,* 940 CMR 7.04(1)(f).

15.     Defendant repeatedly flouted 940 CMR 7.04(1)(f), by calling the Plaintiff in excess of this 2-call-per week limitation, all related to a single personal credit card bill.

16.     By subjecting the Plaintiff to harassing and incessant collection calls, Defendant violated General Laws c. 93A, § 2 (a) and 940 Code Mass. Regs. 7.04(1)(f) and harmed the Plaintiff. Defendant's violations of General Laws c. 93A, § 2 (a) and 940 Code Mass. Regs. 7.04(1)(f) also caused actual harm to the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's

inappropriate attempts to collect a debt, and to be free from false, deceptive, unfair, or unconscionable means to collect a debt.

17.     Defendant's incessant debt collection calls also harmed the Plaintiff by (a) causing him to suffer anger, anxiety, emotional distress, frustration and embarrassment, (b) by inconveniencing and distracting the Plaintiff, (c) by invading the Plaintiff's personal privacy and right to be left alone, (d) by wasting the battery life of the Plaintiff's cell phone which would decrease because of these calls, and (e) by wasting the Plaintiff's time and energy tending to these incessant calls.

18.     Upon information and belief, Defendant's willful disregard of the 2-call-per-week limitation is not limited to Plaintiff's unique case, but is instead Defendant's standard practice and policy.

19.     Furthermore, Defendant's policy and practice of calling Plaintiff and other Massachusetts consumers more than two (2) times per week, in violation of Massachusetts state law, constitutes a violation of the Fair Debt Collection Practices Act as willful, knowing, and intentional collection conduct which Defendant knows to be non-compliant.

## CLASS ALLEGATIONS

20.     Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All Massachusetts residents who received more than two (2) collection telephone calls from Defendant in a seven (7) day period, which sought to collect a debt, within the one year prior to the filing of this Complaint

21.     Plaintiff represents, and is a member of, The Class, consisting of All Massachusetts residents who received more than two (2) collection telephone calls

from Defendant in a seven (7) day period, which sought to collect a debt, within the one year prior to the filing of this Complaint

22.     Defendant, its employees and agents are excluded from The Class. Plaintiff believes the Class members number in the hundreds, if not thousands. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

23.     The Class is so numerous that the individual joinder of all of its members is impractical.  Plaintiff is informed and believes and thereon alleges that The Class includes hundreds, if not thousands, of members.  Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

24.     Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class.  These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

     a.     Whether Defendant has placed more than two (2) collection calls in a seven (7) say span to Massachusetts consumers in connection with the collection of an alleged debt;

     b.     The nature and extent of damages and other remedies to which the conduct of Defendant entitles the Class members.

25.     As a person that received more than two (2) collection calls from Defendant in a seven (7) day span, Plaintiff is asserting claims that are typical of The Class.

26.     Plaintiff will fairly and adequately protect the interests of the members of The Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

27.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class

members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

28.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

29.     Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

30.     As a result of Defendant's alleged violations of law by placing more than two (2) collection calls to Plaintiff and the putative class in a seven (7) day period, Defendant caused Plaintiff and the putative class harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

        a. Invading Plaintiff's and the putative class' right to be free from more than two (2) collection calls in a seven (7) day period, and thus invading the right privacy and seclusion of;

        b. Engaging in the unfair business practice of intentionally, falsely and deceptively subjecting Plaintiff and the putative class to more than two (2) calls in a seven (7) day period;

        c. Impermissibly causing Plaintiff and the putative class anger,

frustration, fear, anxiety and other symptoms;

d. Causing Plaintiff and the putative class to expend needless time in receiving, answering, and trying to dispose of Defendant's harassing calls;

e. Impermissibly occupying or otherwise consuming Plaintiff's and the putative class' phone, battery, data, and time that would otherwise be free for other compliant, welcome and otherwise lawful telephone calls.

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

(By Plaintiff and the Class Against All Defendants)

31.  Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

32.  Based upon the foregoing, Defendant's conduct violated the FDCPA as follows:

a)  Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt (§1692d);

b)  Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number (§1692d(5);

c)  Engaging in false, deceptive, or misleading means in connection with the collection of any debt (§1692e); and

d)  using unfair or unconscionable means to collect or attempt to collect any debt (§1692f).

33.  Plaintiff alleges that to the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

34.  As a direct and proximate result of Defendant's violations of the

FDCPA, *15 U.S.C. § 1692 et seq.*, Plaintiff and the members of the Class have suffered injury, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to *15 U.S.C. § 1692k.*

35.     The violations of the FDCPA, *15 U.S.C. § 1692 et seq.,* described herein present a continuing threat to members of the Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## COUNT II
## VIOLATIONS OF THE MCPA, M.G.L. c. 93A, § 2, AND MDCR, 940 CMR § 7.04(1)(f)

(By Plaintiff and the Class Against All Defendants)

36.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     Defendant initiated communication via telephone in excess of two times within a seven-day period regarding a Debt to Plaintiff's cellular telephone, in violation of 940 CMR § 7.04(1)(f).

38.     Defendant's failure to comply with 940 CMR § 7.04(1)(f) constitutes an unfair or deceptive act in violation of M.G.L. c. 93A § 2.

39.     Defendant willfully or knowingly violated 940 CMR § 7.04(1)(f), and as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees and costs.

40.     Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek equitable relief in the form of an injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone.

41.     Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek declaratory relief such that:

· Defendant knowingly and willfully violated M.G.L. c. 93A c. 93A, § 2 and 940 CMR § 7.04(1)(f) as to Plaintiff and the class; and

· It has been Defendant's practice and history *to* place in excess of two debt collection telephone calls within seven days *to* Massachusetts consumers.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

1. That this action be certified as a class action on behalf of The Class, that Plaintiff be appointed as the representative of The Class, and that Plaintiff's counsel be appointed as Class Counsel;

2. For statutory damages of $500,000.00 or 1% of Defendant's net worth, whichever is the lesser, pursuant to *15 U.S.C. § 1692k*;

3. For reasonable attorneys' fees and costs of suit, pursuant to *15 U.S.C. § 1692k*;

4. For an injunction preventing Defendant from placing in excess of two collection calls within any seven days *to* any Massachusetts consumers' telephone;

5. For declaratory relief as prayed herein;

6. For actual Damages as provided under the MCPA, pursuant *to* M.G.L. c. 93A § 9, including treble damages for Defendant's willful conduct;

7. For statutory damages as provided under the MCPA, pursuant to M.G.L. c. 93A § 9, including treble damages for Defendant's willful conduct;

8. For reasonable attorney fees, litigation expenses and costs incurred pursuant *to* M.G.L. c. 93A § 9;

9. Such further relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff's demands a trial by jury in this action.


Dated: May 20, 2020                                        RESPECTFULLY SUBMITTED,

By: /s/ Kevin Crick

Kevin Crick, Esq.

BBO: 680950

Rights Protection Law Group, PLLC

100 Cambridge Street, Suite 1400

Boston, Massachusetts 02114

Phone: (844) 574-4487

Fax: (888) 622-3715

k.crick@rightsprotect.com

Attorney for Plaintiff